UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES FOX,

      Petitioner,

                                                      Case No. 1:12-cv-582
v.                                             Hon. Robert J. Jonker

JOHN PRELESNIK,

      Respondent.
                                    /

**REPORT AND RECOMMENDATION**

Pending before the court is petitioner's amended petition seeking habeas relief pursuant to 28 U.S.C. § 2254. *See* Amend. Petition (docket no. 1). In lieu of filing an answer, respondent filed a motion to dismiss the amended petition for failure to exhaust state court remedies (docket no. 15). Petitioner did not respond to the motion, but filed his own "motion to dismiss all unexhausted claims with prejudice" (docket no. 31).

      **I.**      **Exhaustion Requirement**

Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513

U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. For this reason, habeas petitions containing unexhausted issues are subject to dismissal. *Lundy*, 455 U.S. at 522.

When a petitioner has filed a "mixed petition," i.e., a petition raising both exhausted and unexhausted claims, the district court may employ the so-called "stay and abeyance" procedure. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Under this procedure, the court stays the habeas petition to allow the petitioner to present his unexhausted claims to the state court and then return to federal court for adjudication of all of the claims. *Poindexter v. Mitchell*, 454 F.3d 564, 570 n. 2 (6th Cir. 2006). The Supreme Court, however, has cautioned that federal courts should utilize the stay and abeyance procedure in limited circumstances. *Rhines*, 544 U.S. at 277. "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* The stay and abeyance procedure applies to "a narrow group of cases in which a mixed petition is dismissed near or after the expiration of the AEDPA [Antiterrorism and Effective Death Penalty Act of 1996] limitations period." *Griffin v. Rogers*, 399 F.3d 626, 631 (6th Cir. 2005).

In his motion, respondent seeks dismissal of the petition for failure to exhaust state remedies. Petitioner admits that his amended petition is a mixed petition, but he does not seek a stay

2

and abeyance to exhaust the unexhausted claims.[1] Rather, petitioner wants to dismiss "all unexhausted claims with prejudice" and have the Court address his exhausted claims. *See* Petitioner's Motion at p. 2. Petitioner's motion, however, does not identify the specific unexhausted claims which he seeks to dismiss, but simply refers to three broad categories of habeas claims which he contends *are* exhausted, i.e., "insufficient evidence", "prosecutorial misconduct" and "ineffective assistance of counsel." *Id.* Because the amended petition raises a number of claims related to these three broad categories, the Court will need to review the state court record to determine the unexhausted claims which petitioner wants to dismiss and the exhausted claims which petitioner wants to pursue.

## II. Petitioner's conviction and state appeal

A jury convicted petitioner of torture, M.C.L. § 750.85, and unlawful imprisonment, M.C.L. § 750.349b. *People v. Fox*, No. 293131, slip op. at p. 1 (Mich. App. Sept. 21, 2010) (docket no. 27). The trial court sentenced petitioner as a fourth habitual offender, M.C.L. § 769.12, to concurrent prison terms of 20 to 70 years for the torture conviction and 10 to 50 years for the unlawful imprisonment conviction. *Id.*

Petitioner, through counsel, raised two issues on appeal:

I. Defendant's torture and unlawful confinement convictions should be vacated as they are not supported by sufficient evidence, in violation of his constitutional right to due process of law, US Const Am XIV.

II. Defendant was erroneously scored 50 points under Offense Variable 7, M.C.L. § 777.37. If these points are stricken, defendant's guidelines range declines and he must be resentenced under *People v. Francisco*, 474 Mich. 82, 91-92; 711 N.W.2d 44 (2006).

---

[1] The Court notes that petitioner could exhaust his unexhausted claims by filing a motion for relief from judgment pursuant to MCR 6.500 *et seq*.

Petitioner's Brief on Appeal (docket no. 27).

In addition to his counsel's brief, petitioner filed a *pro se* Standard 4 supplemental brief which raised additional issues and sub-issues related to prosecutorial misconduct and ineffective assistance of counsel. Petitioner framed those issues and sub-issues as follows (in his words):

> III. States prosecutor's misconduct denied defendant's right to a fair trial. Prosecutor's cumulative misconduct prejudiced defendant, and affected the outcome at defendant's jury trial.
>
> (1) States prosecutor failed to correct testimony from states witness that prosecutor knew to be untruthful *Napue v. Illinois*, 79 S. Ct. 1173.
>
> (2) Prosecutor failed to present defendant's accuser, Marquis Hightower, at defendant's trial.
>
> (3) Prosecutor's allegations of Bad Acts, Use of Evidence of Bad Acts, and Use of Evidence of defendant's Unemployment and poverty to show guilt prejudiced defendant.
>
> (4) Prosecutor improperly used 609 Impeachment Evidence in Closing Arguements.
>
> IV. Trial Counsel Cumulative Errors Denied Defendant the right to Effective Assistance of Counsel and prejudiced the outcome of his trial.
>
> (1) Defendant claims that trial counsels failure to present Expert Witness, provided for by Ingham County Circuit Judge Thomas Brown, denied defendants 6th Amendment right to effective counsel. On December 8th, 2008, Judge Brown ordered the services of Spckin Laboratories specifically Ms. Chamberlane (Pretrial Hearing p. 5-6). Defendant argues that had trial counsel presented this expert witness, the proceeding would have had a different result. DNA and testimony regarding DNA was a major part of Defendants trial (Pretrial Hearing P-5 Lines 5-7).

> (2) Defendant also claims that trial counsels failure to object to the admittance of audio visual interrogation prejudiced defendant, and denied him a fair trial.

Supplemental Brief (docket no. 27). The Michigan Court of Appeals addressed all of the issues raised by petitioner and his appellate counsel, rejected the claimed errors and affirmed petitioner's convictions. *See People v. Fox*, No. 293131.

Petitioner appealed the appellate court's decision by filing a *pro se* application for leave to appeal to the Michigan Supreme Court. In his application, petitioner raised four issues (in his words):

> I. Defendants torture and unlawful confinement convictions should be vacated as they are not supported by sufficient evidence in violation of his Constitutional Right to due process of law US CONST AM XIV. -- Insufficiency of Evidence.
>
>> The States Prosecutor presented to the jury evidence that could only establish no more than a choice of reasonable probabilities and therefore cannot sustain these convictions. Willingness and intent are elements of the crimes of torture and unlawful confinement, The prosecutor failed to present evidence of defendant's willingness and intent . . . The Michigan Court of Appeals decision that there was sufficient evidence of aiding and abetting Torture and Unlawful Imprisonment was an unreasonable application of Federal law. No reasonable trier of fact could find that he gave aid or encouragement before or during the commission of the crime. [Internal citations omitted.]
>
> II. Ineffective Assistance of Counsel.
>
>> Defendants trial counsel was ineffective as his performance fell below the standard provided by the U.S. Constitution 5th & 6th Amendments. Trial Counsel Stipulated to the admission of evidence obtained in violation of defendant's Miranda Rights. Specifically, audiovisual evidence of defendants interrogation. This evidence was used for the sole purpose of incriminating defendant. Automatic reversal is required because the right to have the assistance of counsel is too fundamental and absolute. Defendant didn't receive effective assistance at trial. [Internal citations omitted.]

III. Prosecutorial Misconduct

> The prosecutor engaged in misconduct during defendants trial. The prosecutor did no by repeatedly using evidence of defendants poverty and unemployment in combination with allegations of prior bad acts. The Court of Appeals refuses to allow evidence of a defendants poverty or unemployment. The prosecutor accused defendant of extortion and larceny to portray defendant as a bad man. These allegations heavily prejudiced the defendant and cannot be deemed harmless. The prosecutor also improperly used 609 evidence in a substantive arguement during closing. Due Process requires a new trial. [Internal citations omitted.]

IV. Tainted Jury.

> Defendant argues that voir dire testimony of Vietnam Veteran Mr. Sisco tainted the entire jury pool. Mr. Sisco cried during voir dire and made expert like statements on the subject of torture. It is more than reasonable to believe Mr. Sisco's statements affected the jury and substantially prejudiced the defendant.

Petitioner's Application (docket no. 28).

The first three issues raised in the application were addressed by the Michigan Court of Appeals. However, the fourth issue (i.e., the "tainted jury") was an entirely new issue. The Michigan Supreme Court denied petitioner's application for leave to appeal. *People v. Fox*, No. 142068 (Mich. March 8, 2011) (docket no. 28).

At the conclusion of his state appeal, petitioner filed the present habeas action, which raised the following issues (in his words):

I. Violation of defendants 14th Amendment Due Process Rights.

> *States prosecutor failed to present sufficient evidence of all elements necessary to prove crimes charged
>
> *Prosecutor repeatedly accussed defendant of crimes not contained in the indictment information

6

    *Prosecutor made bad faith agreement at defendants preliminary examination.

II.  Violation of Defendants 5th Amendment right against self-incrimination; Defendants right to counsel

   On January 15th, 2008, defendant was subjected to custodial interrogation which was audio-visually recorded and used against Defendant at criminal trial

   *Defendant asked to leave repeatedly, and was told he must speak to detectives

III.  State denied defendants Due Process Right to Confront his Accusser - Prosecutorial Misconduct

   *Trial Court Admitted the testimonial statements of Marquis Hightower via a third party, specifically Detective Kim Kranich

   *Marquis Hightower was never made available for cross examination

   *Marquis Hightowers statements gave police detectives probable cause to arrest defendant

   *Prosecutor failed to correct the false testimony of states witnesses

IV.  Ineffective Assistance of Counsel

   *Defendants trial lawyer failed to properly investigate the use of an expert in DNA analysis

   *Trial counsel failed to object to the admission of "bad acts" testimony as well as the admission of evidence in violation of defendants 5th Amendment right against self incrimination.

Amend. Petition (docket no. 8).

### III. Discussion

The amended petition includes three claims which were exhausted in the state court: the insufficient evidence claim set forth in Issue I; the prosecutorial misconduct claim arising from other bad acts evidence (i.e., the prosecutor presented evidence "of crimes not contained in the

indictment information") as set forth in Issue I; and the ineffective assistance of counsel claim arising from trial counsel's failure to object to the admission of petitioner's audiovisual statement at trial as set forth in Issue IV. The habeas petition also includes a number of claims which were not exhausted in the state court. With respect to Issue I, petitioner did not exhaust the claim that the prosecutor made a bad faith agreement at petitioner's preliminary examination. With respect to Issue II, petitioner did not exhaust the claim that his January 15, 2008 interrogation was in violation of his Fifth Amendment right against self-incrimination. With respect to Issue III, petitioner did not exhaust any claims related to the denial of the right to confront his accuser. Finally, with respect to Issue IV, petitioner did not exhaust the claims that his trial counsel was ineffective for failing to investigate the use of an expert in DNA analysis and for failing to object to the admission of evidence of other bad acts committed by petitioner. Because the petition contains unexhausted issues, it is subject to dismissal. *Lundy*, 455 U.S. at 522.

In this case, petitioner recognized that his petition was subject to dismissal and sought to remedy this problem by filing his "motion to dismiss all unexhausted claims with prejudice." Based on this record, it appears that petitioner intended to dismiss all of the unexhausted claims raised in his amended petitioner, leaving the three exhausted claims. Granting petitioner's motion to dismiss the unexhausted claims will bring the petition into compliance with *Lundy* and allow respondent to file an answer to the exhausted claims. Accordingly, respondent's motion to dismiss should be denied, petitioner's motion to dismiss should be granted, and respondent should file an answer to the three exhausted issues set forth in the amended petition.

### III. Recommendation

I respectfully recommend that respondent's motion to dismiss for failure to exhaust state court remedies (docket no. 15) be **DENIED**.

I further recommend that petitioner's motion to dismiss all unexhausted claims with prejudice (docket no. 31) be **GRANTED** and that all claims raised in the amended petition be dismissed with prejudice except for the following claims: the insufficient evidence claim set forth in Issue I; the prosecutorial misconduct claim arising from other bad acts evidence (i.e., the prosecutor presented evidence "of crimes not contained in the indictment information") as set forth in Issue I; and the ineffective assistance of counsel claim arising from trial counsel's failure to object to the admission of petitioner's audiovisual statement at trial as set forth in Issue IV.

I further recommend that respondent file an answer to the amended petition within 90 days of the court's approval of this Report and Recommendation, should the court do so.


Dated: February 24, 2014                     /s/ Hugh W. Brenneman, Jr.
                                             HUGH W. BRENNEMAN, JR.
                                             United States Magistrate Judge


ANY OBJECTIONS to this Amended Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).